IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LAURA J. VASQUEZ,

    Plaintiff,

v.                                                      No. Civ. 13-777 LH/SMV

TIERRA DEL SOL HOUSING CORP.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Laura Vasquez's Motion for Leave to Amend Complaint, filed May 21, 2014. (ECF No. 23) The Court, having reviewed the motion and response, the arguments of counsel, the applicable law, and otherwise being fully advised, concludes that the motion is not well-taken and will be **denied**.

**A.  INTRODUCTION**

Plaintiff alleges in this lawsuit that her former employer, Defendant Tierra Del Sol Housing Corporation, "intentionally discriminated against and constructively discharged" her on the basis of her pregnancy. (Compl. at 3, ECF No. 1-2) Plaintiff's original complaint raises the following three causes of actions: (1) 42 U.S.C. § 1981; (2) the New Mexico Human Rights Act ("NMHRA"), N.M. Stat. Ann. § 28-1-7 (2004); and (3) intentional infliction of emotional distress. (*Id.*) Plaintiff has filed a motion seeking leave to amend her complaint. (Pl.'s Mot., ECF No. 23) Specifically, Plaintiff asks that the Court grant her leave to amend her complaint by

1

substituting her § 1981 claim with a claim under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*.

**B.  PROCEDURAL HISTORY**

Plaintiff's last date of employment with Defendant was August 26, 2011. (Compl. at 3) On June 5, 2012, Plaintiff submitted a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division, alleging that she was subjected to gender-based discrimination, pregnancy discrimination, and retaliation by Defendant in violation of Title VII. (Pl.'s Mot. Exhibit 1, ECF No. 23-1) This charge of discrimination was also simultaneously submitted to the El Paso Area Office of the United States Equal Employment Opportunity Commission (EEOC). (*Id.*) On August 10, 2012, the EEOC mailed a "Dismissal and Notice of Rights" letter to Plaintiff informing her that the EEOC was closing its file on Plaintiff's charge and further advising Plaintiff that:

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

(Def.'s Resp. Exhibit C, ECF No. 26-3) (emphasis in original). For purposes of its analysis, the Court will refer to this document as the "EEOC right-to-sue letter." Plaintiff received the EEOC right-to-sue letter via mail. (Pl. Dep. 79:20-80:2, February 6, 2014, ECF No. 26-3)

On July 16, 2013, Plaintiff filed her original complaint in state district court asserting three claims: § 1981, NMHRA, and intentional infliction of emotional distress. (ECF No. 1-2) Plaintiff's original complaint did not state a claim under Title VII. Defendant was served with the complaint on July 22, 2013, and subsequently removed the case to federal court on August 21, 2013, on the basis of federal question jurisdiction. (ECF No. 1) Defendant filed an answer to

the complaint on August 27, 2013, and served the answer on August 28, 2013. (ECF No. 3) On October 7, 2013, the Court entered a scheduling order in this matter, wherein the Court specified that Plaintiff was allowed until November 18, 2013, to join additional parties and to amend the pleadings. (ECF No. 11) The scheduling order set the termination date for discovery as May 5, 2014, and further stated that case management deadlines would not be modified, "except by an order of the Court upon a showing a good cause." (*Id.*)

On May 6, 2014, Defendant moved for summary judgment on the three claims stated in Plaintiff's original complaint. (ECF No. 19) Before responding to the summary judgment motion, Plaintiff filed this motion seeking leave to amend her complaint by adding a cause of action under Title VII and removing the § 1981 claim. (Pl.'s Mot., ECF No. 23) Plaintiff argues that good cause exists for the amendment, that the amendment will not unduly delay proceedings in this matter, and that there will be no prejudice to Defendant if the amendment is permitted. (Pl.'s Mot. at 2)

**C. STANDARD OF REVIEW**

As set forth in the procedural history, Plaintiff has moved to amend her complaint several months after Defendant filed and served its answer to Plaintiff's original complaint. Plaintiff can therefore no longer amend her complaint as a "matter of course." *See* Fed. R. Civ. P. 15(a)(1) (providing that a party may amend its pleading once as a matter of course "within 21 days after service of a responsive pleading"). Rather, "Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading only by leave of court or by written consent of the adverse party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The rule specifies that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has indicated that absent an apparent

reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment," leave should be freely given to amend. *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In addition to the standard under Rule 15(a), the Court must also consider Rule 16 of the Federal Rules of Civil Procedure because Plaintiff filed her motion to amend approximately six months after the deadline set forth in the Court's scheduling order for such amendments. Rule 16 provides that "a scheduling order may be modified only for good cause and with the judge's consent." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Although previously unsettled law, the Tenth Circuit recently held that "parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so." *Id.* at 1241. Thus, in sum, "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed.R.Civ.P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch*, 771 F.3d at 1240. The Court may deny Plaintiff's motion for leave to amend if she fails to satisfy either of these factors. *Id.* at 1241.

### D. ANALYSIS

Plaintiff asserts three reasons why the Court should permit her to substitute a Title VII claim for the § 1981 claim raised in her original complaint—first, that she committed an "error" in her original complaint by "nominally" citing to § 1981 rather than Title VII; second, that she will be prejudiced if she is unable to assert a pregnancy discrimination claim under Title VII; and third, that granting leave to amend at this juncture will not unduly delay proceedings in this case. (Pl.'s Mot. at 2) The Court is not persuaded by Plaintiff's arguments.

As an initial matter, the Court determines that Plaintiff has failed to establish good cause under Rule 16. "In practice, [the Rule 16 good cause] standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch*, 771 F.3d at 1240. For example, good cause may be established where "a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* In her motion, Plaintiff has offered no explanation for the delay in seeking to amend her complaint several months after the scheduling deadlines previously set in this matter. Plaintiff has failed to point to new facts or information obtained through discovery that have led to her seeking to amend her complaint; rather, her primary reason for the proposed amendment is that she erred by nominally citing to § 1981 rather than Title VII in her original complaint. The Court disagrees with Plaintiff's characterization of this as an inadvertent nominal error because Plaintiff has asserted a § 1981 cause of action in other court filings subsequent to the original complaint as well as in letters exchanged between the parties. *See, e.g.*, Joint Status Report (ECF No. 8); Redacted Settlement Letters (Def.'s Resp. Exhibit A, ECF No. 26-1). The Court is not satisfied that Plaintiff's counsel's simple inadvertence or mistake is an adequate explanation for the delay. *See Minter*, 451 F.3d at 1205, n. 4 (stating that good cause under Rule 16 requires the moving party to show that it has been diligent in attempting to meet the deadlines set forth in the scheduling order, "which means it must provide an adequate explanation for the delay").

Moreover, Plaintiff acknowledges in her motion that prior to initiating this lawsuit, she filed an EEOC charge alleging a Title VII claim based on the same underlying facts that later gave rise to this lawsuit. (Pl.'s Mot. at 2) Thus, Plaintiff was well aware of the possibility of asserting a Title VII claim when she filed her original complaint, but failed to assert this claim. This is grounds for denial of the motion to amend under either Rule 16 or Rule 15. *See Gorsuch*,

771 F.3d at 1240 (stating that under Rule 16, it is appropriate to deny leave to amend where the "plaintiff knew of the underlying conduct but simply failed to raise [the] claims"); *see also Las Vegas Ice and Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (stating that under Rule 15(a), "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial"); *see also Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (recognizing that "courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

The Court also determines that Plaintiff has failed to satisfy the Rule 15(a) standard. Although Rule 15(a) provides that leave to amend shall be freely given when justice so requires, a district court may properly deny leave to amend where the amendment would be futile. *See Foman*, 371 U.S. at 182; *see also Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004); *see also* 3 *Moore's Federal Practice*, § 15.15[3] (Matthew Bender 3d Ed.) (stating that an amendment is considered futile if it "fails to state a legal theory, or could not withstand a motion to dismiss."). In this case, a Title VII cause of action amendment would be futile and subject to dismissal on grounds of untimeliness.

Title VII requires claimants to file suit within ninety days of receiving the EEOC right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998) (explaining ninety-day filing requirement). Here, Plaintiff had ninety days from receiving the EEOC right-to-sue letter that was mailed to her on August 10, 2012, in which to

file a Title VII action against Defendant. Indeed, this information was included in the EEOC right-to-sue letter: "Your lawsuit must be filed within 90 days of your receipt of this notice; or your right to sue based on this charge will be lost." Plaintiff acknowledged receiving the EEOC right-to-sue letter in the mail, and the Court presumes that she received this letter within five days of mailing and certainly sometime during the latter part of August 2012.[1] *See Lozano v. Ashcroft*, 258 F.3d 1160, 1164-65 (10th Cir. 2001) (determining that a three-day or five-day presumption of receipt is appropriate when the receipt date for an EEOC right-to-sue letter is unknown). However, Plaintiff waited until nearly a year later—July 16, 2013—to file her original complaint in state court without a Title VII cause of action, and she then waited another year, until May 21, 2014, to bring this motion seeking leave to amend her complaint to include the Title VII claim. This is clearly outside the ninety-day time period required for filing Title VII claims under the statute. Plaintiff also has not advanced any arguments as to why the ninety-day filing period should not apply in this case. *See Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) ("Compliance with the filing requirements of Title VII . . . is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling.").

Therefore, because Plaintiff's Title VII claim would be subject to dismissal for failure to file within the ninety-day filing period, the Court concludes that permitting Plaintiff to amend her complaint to include this claim at this juncture would be futile. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (affirming dismissal of complaint asserting Title VII claim that was filed in district court outside the 90-day filing period).

---

[1] The Court notes that the EEOC right-to-sue letter in the record includes a received date stamp of August 14, 2012, although it is unclear which party received the letter on this date. (ECF No. 26-3)

### E.  CONCLUSION

Based on the foregoing analysis, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 23) is hereby **denied**.

**IT IS SO ORDERED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE